**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Randall Halstead, ) | No. CIV 12-291-TUC-DCB (LAB) |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Charles L. Ryan, ) | |
| Respondent. ) | |

    Pending before the court is a petition for writ of habeas corpus filed on April 19, 2012, by James Randall Halstead, an inmate confined in the Arizona State Prison Complex in Florence, Arizona. (Doc. 1) Halstead claims (1) the testimony of the state's medical expert, Dr. Debra Reisen, violated the Confrontation Clause, (2) the testimony of the counselors, Diane Kazinski and Elizabeth Banks, was hearsay and violated the Due Process Clause, (3) trial counsel was ineffective for failing to properly object to Reisen's testimony at trial, (4) the prosecutor committed misconduct during the questioning of the state's expert, Wendy Dutton, and (5) trial counsel was ineffective by failing to call certain witnesses. (Doc. 1, pp. 6, 10, 13, 16, 19)

    Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

    The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition. It is time-barred.

## Summary of the Case

Halstead was convicted after a jury trial of "three counts of sexual conduct with a minor under the age of twelve and one count of furnishing obscene or harmful items to a minor." (Doc. 13-1, p. 3) On June 2, 2008, the trial court gave Halstead a sentence of imprisonment totaling three consecutive life terms. (Doc. 13-1, pp. 20-24)

On direct appeal, Rossum argued (1) the testimony of counselors, Kazinski and Banks, was improper vouching and hearsay and (2) the testimony of Dr. Debra Reisen violated the Confrontation Clause. (Doc. 13-1, pp. 2-11) Nevertheless, the Arizona Court of Appeals affirmed Halstead's convictions and sentences on June 1, 2009. (Doc. 13-1, p. 2) The Arizona Supreme Court denied Halstead's petition for review on December 1, 2009. (Doc. 13, p. 29)

On January 28, 2010, Halstead filed notice of post-conviction relief. (Doc. 13, p. 3) He argued (A) trial counsel was ineffective for (1) failing to object to certain testimony given by the state's expert, Wendy Dutton, (2) failing to object to testimony about uncharged acts from counselor Beth Banks, (3) failing to object to Banks' improper vouching, (4) failing to object to testimony given by Rojene Drake, and (4) failing to object to testimony by Dr. Debra Reisen and (B) the prosecutor committed misconduct by eliciting improper testimony from Dutton, Banks, and Drake. (Doc. 13-5, pp. 12, 17, 18, 23, 25)

The trial court denied the petition on August 10, 2006. (Doc. 13-5, pp. 29-31) The Arizona Court of Appeals denied relief on March 8, 2011. (Doc. 13-6, p. 27) Halstead did not seek further review. (Doc. 13, p. 3)

On April 19, 2012, Halstead filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) He argues (1) the testimony of the state's medical expert, Dr. Debra Reisen, violated the Confrontation Clause, (2) the testimony of the counselors, Diane Kazinski and Elizabeth Banks, was hearsay and violated the Due Process Clause, (3) trial counsel was ineffective for failing to properly object to Reisen's testimony at trial, (4) the prosecutor committed misconduct during the questioning of the state's expert, Wendy Dutton,

and (5) trial counsel was ineffective by failing to call certain witnesses. (Doc. 1, pp. 6, 10, 13, 16, 19)

On August 27, 2012, the respondent filed an answer arguing among other things that the petition is time-barred. (Doc. 13) Halstead did not file a reply.

The respondents are correct. The petition is time-barred.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A one-year limitation period applies to persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d). The statute reads in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> \* \* \*
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The limitation period for Halstead's claims was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Arizona Court of Appeals affirmed his convictions and sentences on June 1, 2009. (Doc. 13-1, p. 2) The Arizona Supreme Court denied Halstead's petition for review on December 1, 2009. (Doc. 13, p. 29) Halstead then had 90 days to petition the U.S. Supreme Court for review. Sup. Ct. R. 13. When he did not do so, his judgment became final on March 1, 2010. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

The one-year limitation period did not begin to run immediately because Halstead's post-conviction relief petition was pending at this time. *See* 28 U.S.C. § 2244(d)(2). Tolling pursuant to § 2244(d)(2) continued until the Arizona Court of Appeals denied relief on March 8, 2011. (Doc. 13-6, p. 27) The limitation period began running the next day and expired on March 8, 2012. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007); *cert. denied*, 555 U.S. 829 (2008). Halstead filed his petition in this court on April 19, 2012. (Doc. 1) It is time-barred.

Halstead did not file a reply explaining why his petition was filed after the expiration of the limitation period or arguing for equitable tolling.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the petition for writ of habeas corpus. (Doc. 1) It is time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 26th day of July, 2013.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge