**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Randall Halstead, ) | No. CIV 12-291-TUC-DCB (LAB) |
| ) | |
| Petitioner, ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| vs. ) | |
| ) | |
| Charles L. Ryan, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Pending before the court is a petition for writ of habeas corpus filed on April 19, 2012, by James Randall Halstead, an inmate confined in the Arizona State Prison Complex in Florence, Arizona. (Doc. 1) Halstead claims numerous instances of trial error and ineffective assistance of counsel.

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the petition. Four of Halstead's claims are procedurally defaulted. His claim of ineffective assistance should be denied on the merits.

Summary of the Case

Halstead was convicted after a jury trial of "three counts of sexual conduct with a minor under the age of twelve and one count of furnishing obscene or harmful items to a minor."

(Doc. 13-1, p. 3) On June 2, 2008, the trial court gave Halstead a sentence of imprisonment totaling three consecutive life terms. (Doc. 13-1, pp. 20-24)

On direct appeal, Halstead argued (1) the testimony of the counselors, Kazinski and Banks, was improper vouching and (2) the testimony of Dr. Debra Reisen violated the Confrontation Clause. (Doc. 13-1, pp. 2-11) Nevertheless, the Arizona Court of Appeals affirmed Halstead's convictions and sentences on June 1, 2009. (Doc. 13-1, p. 2) The Arizona Supreme Court denied Halstead's petition for review on December 1, 2009. (Doc. 13, p. 29)

On January 28, 2010, Halstead filed notice of post-conviction relief. (Doc. 13, p. 3) In his petition, he argued (A) trial counsel was ineffective for (1) failing to object to certain testimony given by the state's expert, Wendy Dutton, (2) failing to object to testimony about uncharged acts from the counselor, Beth Banks, (3) failing to object to Banks's improper vouching, (4) failing to object to testimony given by Rojene Drake, and (5) failing to object to testimony by Dr. Debra Reisen and (B) the prosecutor committed misconduct by eliciting improper testimony from Dutton, Banks, and Drake. (Doc. 13-5, pp. 12, 17, 18, 23, 25)

The trial court denied the petition on August 6, 2010. (Doc. 13-5, pp. 29-31) The Arizona Court of Appeals denied relief on March 8, 2011. (Doc. 13-6, p. 27) Halstead did not seek further review. (Doc. 13, p. 3)

On April 19, 2012, Halstead filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) He argues (1) the testimony of the state's medical expert, Dr. Debra Reisen, violated his confrontation rights; (2) the testimony of the counselors, Diane Kazinski and Elizabeth Banks, improperly "buttressed" the victim's testimony violating his due process rights; (3) trial counsel was ineffective because he (a) failed to properly object to Reisen's testimony that the victim exhibited certain behavior typical of one who had suffered sexual abuse, (b) failed to object to the prosecutor's use of hypothetical questions designed to elicit similar testimony from the expert, Wendy Dutton, (c) failed to object to the use of uncharged acts of sexual misconduct, and (d) failed to object to questions that exceeded the court's order limiting testimony corroborating the victim's testimony;  (4) the prosecutor

committed misconduct during the questioning of the state's expert, Wendy Dutton; and (5) trial counsel was ineffective by failing to call certain witnesses. (Doc. 1, pp. 6, 10, 13, 16, 19)

On August 27, 2012, the respondent filed a limited answer arguing among other things that the petition is time-barred. (Doc. 13) Halstead did not file a reply.

The Magistrate Judge issued a report recommending that the petition be dismissed as time-barred on July 29, 2013. (Doc. 17) The District Court declined to adopt the recommendation in an order filed on January 8, 2014.

On February 28, 2014, the respondent filed an amended answer arguing four of Halstead's claims are procedurally defaulted and, in the alternative, all claims should be denied on the merits. (Doc. 26) Halstead did not file a reply.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The petitioner must shoulder an additional burden if the state court considered the issues and made findings of fact.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254 (e)(1).

A decision is "contrary to" Supreme Court precedent if the "state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and

- 3 -

nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior Court of California ex rel. County of Los Angeles,* 329 F.3d 683, 687 (9th Cir. 2003). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of [the] case in a way that was not only incorrect or clearly erroneous, but objectively unreasonable." *Id.* If the state court denied on the merits but did not explain its reasoning, this court must independently review the record to determine whether the state court clearly erred in its application of Supreme Court law. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002), *cert. denied*, 539 U.S. 916 (2003). If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004).

Federal habeas review is limited to those issues that have been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A). This rule permits the states "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal punctuation removed).

To be properly exhausted, the federal claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the

federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and ordinarily should be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.*

Discussion

In Claim (1), Halstead argues the testimony of the state's medical expert, Dr. Debra Reisen, violated the Confrontation Clause. (Doc. 1, p. 6) At trial, Reisen testified about a forensic medical exam of the minor victim conducted by Dr. Anna Binkiewicz. (Doc. 26, p. 6) Reisen testified in place of Binkiewicz because the latter retired and moved away prior to trial. *Id*. The respondent argues this claim is procedurally defaulted. The court agrees.

Halstead argued on direct appeal that Reisen's testimony violated his rights under the Confrontation Clause. The Arizona Court of Appeals, however, declined to address this issue on the merits. The court explained that Halstead withdrew his earlier objection to Reisen's testimony at trial, and on appeal, he failed to argue the alleged error was fundamental. (Doc. 13-1, pp. 9-10)

The Arizona Court of Appeals declined to address the merits of this claim for procedural reasons. This claim is therefore procedurally defaulted. Halstead did not file a reply alleging "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrat[ing] that failure to consider the claim[] will result in a fundamental miscarriage of justice." *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998).

In Claim (2) Halstead argues the testimony of the counselors, Diane Kazinski and Elizabeth Banks, violated his due process rights because it improperly "buttressed" the victim's testimony. (Doc. pp. 10-11) His argument is not entirely clear, but he apparently believes that the counselors' testimony was tantamount to saying that *they* believed the victim was telling the truth, and the admission of this evidence invaded the province of the jury.  The respondent argues this claim is procedurally defaulted. The court agrees.

The Arizona Court of Appeals acknowledged Halstead's argument "that Banks's and Kazinski's testimony violated his right to due process." (Doc. 13-1, p. 10) The court held, however, that "Halstead [did] not offer sufficient argument or cite sufficient authority for appellate review on [this] issue and [it is] therefore waived." (Doc. 13-1, p. 10) (citing Ariz.R.Crim.P. 31.13(c)(1)(iv)).

The Arizona Court of Appeals declined to address the merits of this claim[1] for procedural reasons. This claim is therefore procedurally defaulted. Halstead did not file a reply alleging "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrat[ing] that failure to consider the claim[] will result in a fundamental miscarriage of justice." *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998).

In Claim (3) Halstead argues trial counsel was ineffective because he (a) failed to properly object to Reisen's testimony at trial that the victim exhibited certain behavior typical of one who had suffered sexual abuse, (b) failed to object to the prosecutor's use of hypothetical

---

[1] The Arizona Court of Appeals did consider on the merits Halstead's *state law* claim that the counselors' testimony improperly commented on the credibility of the victim. (Doc. 13-1, pp. 4-7) The pending claim, however, is based on federal law, not state law.

- 6 -

questions designed to elicit similar testimony from expert Wendy Dutton, (c) failed to object to the use of uncharged acts of sexual misconduct, and (d) failed to object to questions that exceeded the court's order limiting testimony corroborating the victim. (Doc. 1, pp. 13-14) The respondent argues this claim should be denied on the merits. The court agrees.

"Clearly established Supreme Court precedent provides a framework for examining Sixth Amendment ineffective assistance of counsel claims." *Miles v. Ryan*, 713 F.3d 477, 486 - 487 (9th Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2054 (1984)), *cert. denied*, 135 S.Ct. 519 (2013). "To establish ineffective assistance of counsel under *Strickland* a prisoner must demonstrate both: (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense." *Id*.

"The first prong of the *Strickland* test—deficient performance—requires a showing that counsel's performance fell below an objective standard of reasonableness or was outside the wide range of professionally competent assistance." *Id*. (punctuation modified) "The test is highly deferential, evaluating the challenged conduct from counsel's perspective at the time in issue." *Id*. "This inquiry should begin with the premise that under the circumstances, the challenged actions might be considered sound trial strategy." *Id*.

"The second prong of the *Strickland* test—prejudice—requires the petitioner to demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different." *Id*. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

This court's review of the state court's denial of the petitioner's claim is "doubly deferential." *Miles*, 713 F.3d at 487. "The issue is not whether we believe the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Id*. (punctuation modified).

In Claims 3(a) and 3(b) Halstead argues trial counsel failed to properly object to testimony that the victim exhibited certain behavior typical of one who had suffered sexual abuse. This type of expert testimony, however, is generally admissible under the Arizona Rules of Evidence. *See State v. Moran*, 151 Ariz. 378, 383, 728 P.2d 248, 253 (1986); (Doc. 13-1,

pp. 4-7) (concluding that Kazinski's testimony was properly admitted). Accordingly, if counsel had objected, the objection would have been overruled. Counsel's failure to object could not have caused Halstead prejudice. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) ("[T]rial counsel cannot have been ineffective for failing to raise a meritless objection."); *amended at* 2005 WL 1653617(2005); *cert. denied*, 546 U.S. 1137 (2006).

Moreover, counsel's failure to object could have been tactical and therefore was not deficient performance. Counsel may have believed that the effective use of cross-examination was the best way to deal with this type of testimony. In his closing argument, for example, counsel pointed out that the expert's list of typical traits was "so abstract, so general that no matter what anybody does in their life, it can fit into that." (Doc. 13-1, p. 16)

Counsel's failure to object to this testimony was neither deficient performance nor prejudice. The decision of the Arizona Court of Appeals denying this claim was not an unreasonable application of clearly established Federal law. (Doc. 13-1, pp 13-18)

In Claim 3(c), Halstead argues counsel was ineffective for failing to object to evidence of other uncharged acts of sexual misconduct. (Doc. 1, pp. 13-14) The Arizona Court of Appeals, however, ruled that this testimony was properly received. (Doc. 13-1, p. 18) Accordingly, counsel's failure to object did not cause Halstead prejudice. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005).

Finally, in Claim 3(d), Halstead argues counsel was ineffective for failing to object to questions that exceeded the court's order limiting the testimony of the victim's counselor. The Arizona Court of Appeals, however, concluded that counsel's handling of this witness could be considered sound trial strategy. Accordingly, Halstead cannot show counsel's performance was deficient.

In response to the testimony, counsel used cross-examination to introduce evidence helpful to the defense. For example, the victim's counselor testified that the victim had developed intricate fantasies, but counsel established that the counselor had no information about the victim's used of fantasy prior to the alleged abuse. The counselor's observation, therefore, did nothing to bolster the prosecution's case. Moreover, counsel elicited testimony

from the witness concerning the victim's problematic relationship with her mother. He later used this testimony in his closing argument suggesting that the victim could have fabricated the accusations because she felt "chronically unloved by the mother." (Doc. 13-1, p. 17)

Counsel's demonstrated ability to neutralize adverse statements and extract information useful to the defense supports the state court's finding that counsel's failure to object to the counselor's testimony could have been a tactical decision. Counsel's performance therefore was not deficient.

The decision of the Arizona Court of Appeals finding counsel's performance at trial was not ineffective was not an unreasonable application of clearly established Federal law. (Doc. 13-1, pp 13-18)

In Claim (4), Halstead argues the prosecutor committed misconduct during the questioning of the state's expert witness, Wendy Dutton. (Doc. 1, p. 16) This claim was raised for the first time in Halstead's post-conviction relief petition and denied summarily by the trial court. (Doc. 13-5, pp. 25, 30-31) On appeal, the claim was denied as precluded because it should have been raised on direct appeal. (Doc. 13-1, p. 15) (citing Ariz.R.Crim.P. 32.2(a)(1)).

The Arizona Court of Appeals declined to address the merits of this claim for procedural reasons. This claim is procedurally defaulted. Halstead did not file a reply alleging "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrat[ing] that failure to consider the claim[] will result in a fundamental miscarriage of justice." *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998).

In Claim (5), Halstead argues trial counsel was ineffective by failing to call certain witnesses. (Doc. 1, pp. 19-20) This claim was never presented to the state court. (Doc. 1, p. 22) And, if he tried to raise it in a new post-conviction relief petition, it would be dismissed because he failed to raise it "in [a] previous collateral proceeding." Ariz.R.Crim.P. 32.2(a)(3). It is procedurally defaulted.

Halstead explains that he asked his counsel to include this claim in his post-conviction relief petition, but counsel did not do so stating it was "excessive" and "would not help much." (Doc. 1, p. 19)

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). A tactical decision to forgo a claim, however, cannot constitute cause to excuse a procedural default. *Amadeo v. Zant*, 486 U.S. 214, 221-222, 108 S.Ct. 1771, 1776 (1988).

Here, it appears that counsel failed to raise this claim for tactical reasons. This is not sufficient cause to excuse Halstead's procedural default of his claim. *See, e.g., Reed v. Ross*, 468 U.S. 1, 14, 104 S.Ct. 2901, 2909 (1984) ("[D]efense counsel may not make a tactical decision to forgo a procedural opportunity—for instance, an opportunity to object at trial or to raise an issue on appeal—and then, when he discovers that the tactic has been unsuccessful, pursue an alternative strategy in federal court.").

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order Denying the petition for writ of habeas corpus. (Doc. 1)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response.

DATED this 14th day of April, 2014.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge